UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRINA ASIEDU,

                      Plaintiff,

      -against-

BROADREACH MEDICAL RESOURCES;
J.N. SAVASTA CORP.,

                      Defendants.

19-CV-11825 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131 alleging that her employer discriminated against her based on her race and sex. By order dated January 16, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Broadreach Medical Resources and J.N. Savasta Corp. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to trasmit a copy of this order to Plaintiff, together with an information package.[1]

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Broadreach Medical Resources and J.N. Savasta Corp., and deliver to the U.S. Marshals Service all documents necessary to effect service.

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 16, 2020
         New York, New York

EDGARDO RAMOS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Broadreach Medical Resources
   Attn: Timothy Teen
   1350 Broadway, Ste. 410
   New York, NY 10462

2. J.N. Savasta Corp.
   Attn: Joseph Savasta
   1350 Broadway, Ste. 410
   New York, NY 10462